1  Paul M. Gelb (SBN 214439)
   Paul.Gelb@dbr.com
2  Zoë K. Wilhelm (SBN 305932)
   Zoe.Wilhelm@dbr.com
3  DRINKER BIDDLE & REATH LLP
   1800 Century Park East, Suite 1500
4  Los Angeles, California 90067-1517
   Telephone:  (310) 203-4000
5  Facsimile:  (310) 229-1285

6  Attorneys for Defendants
   P.J. SALVAGE, WUNDIES ENTERPRISES, INC.,
7  ANDRA GROUP L.P., BLUM'S SWIMWEAR
   AND INTIMATE APPAREL, CENTURY 21
8  DEPARTMENT STORES, LLC,
   DILLARDS INC., AND NORDSTROM, INC.
9

10 James W. Spertus (SBN 159825)
   Jim@spertuslaw.com
11 Ezra D. Landes (SBN 253052)
   Ezra@spertuslaw.com
12 SPERTUS, LANDES & UMHOFER, LLP
   1990 S. Bundy Drive, Suite 705
13 Los Angeles, California 90025
   Telephone:  (310) 826-4700
14 Facsimile:  (310) 826-4711

15 Attorneys for Defendants
   AMAZON.COM, INC., LORD & TAYLOR, LLC,
16 MACY'S INC., AND ZAPPOS IP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>P.J. SALVAGE, a business entity of form unknown; WUNDIES ENTERPRISES, INC., a New Jersey Corporation; ANDRA GROUP L.P., individually and doing business as "HerRoom.com," a Texas Limited Partnership; AMAZON.COM, INC., a Washington Corporation; BLUM'S SWIMWEAR AND INTIMATE APPAREL, a business entity of form | Case No. 2:18-cv-05470-MWF-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:      October 29, 2018<br>Time:      10:00 a.m.<br>Judge:     Hon. Michael W. Fitzgerald<br>Place:     350 West First Street<br>           Courtroom 5A<br>           Los Angeles, CA 90012 |

| | |
|---|---|
| 1    unknown; THE BRA GENIE, a business entity of form unknown; CENTURY 21 DEPARTMENT STORES, LLC, a New York Limited Liability Company; DILLARD'S INC., and Arkansas Corporation; LORD & TAYLOR, LLC, a Delaware Limited Liability Company; MACY'S INC., individually and doing business as "Bloomingdale's", a Delaware Corporation; NORDSTROM, INC., a Washington Corporation; ZAPPOS IP, INC., individually and doing business as "Zappos.com" and "6pm.com," and DOES 1 through 10, <br><br>                Defendants. | Complaint Filed: June 19, 2018 <br><br> *[Notice of Motion and Motion to Dismiss; Request for Judicial Notice; and [Proposed] Order, filed concurrently herewith]* |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | STANDARDS ON MOTION TO DISMISS | 2 |
| IV. | ARGUMENT | 3 |
| | A. Plaintiff Fails to State a Claim for Copyright Infringement. | 3 |
| |     1. Plaintiff Fails to Plead Facts Sufficient to Allege Access. | 3 |
| |     2. Plaintiff Fails to Plead Facts Sufficient to Allege Striking Similarity or Even Substantial Similarity. | 5 |
| |     3. Plaintiff Fails to Plead Facts Sufficient to Allege Ownership of a Valid Copyright for the Designs at Issue. | 7 |
| | B. Plaintiff Fails to State a Claim for Vicarious and/or Contributory Copyright Infringement. | 8 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................2

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ..........................................................................3

*Baxter v. MCA, Inc.*,
   812 F.2d 421 (9th Cir. 1987) ..........................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................2, 3, 8, 9

*Ellison v. Robertson*,
   357 F.3d 1072 (9th Cir. 2004) ........................................................................8

*Klauber Bros., Inc. v. Jenny Yoo Collection, Inc.*,
   2017 WL 4082483 (S.D.N.Y. July 18, 2017)..............................................1, 9

*Klauber Bros., Inc. v. Russell-Newman, Inc.*,
   2013 WL 1245456 (S.D.N.Y. Mar. 26, 2013).................................................7

*L.A. Printext Indust., Inc. v. Aeropostale, Inc.*,
   676 F.3d 841 (9th Cir. 2012) ..........................................................................6

*Lixenberg v. BioWorld Merch., Inc.*,
   2016 WL 7469666 (C.D. Cal. Feb. 1, 2016) ...........................................1, 4, 5

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
   591 F.Supp.2d 1098 (N.D. Cal. 2008).............................................................9

*Malibu Textiles Inc. v. H&M Hennes & Mauritz LP*,
   2017 WL 4685537 (C.D. Cal. June 29, 2017)..............................................1, 4

*Mathew Enter., Inc. v. FCA US, LLC*,
   2016 WL 6778534 (N.D. Cal. Nov. 16, 2016) ................................................3

*Matthew Bender & Co. v. West Publ'g Co.*,
   158 F.3d 693 (2d Cir. 1998)............................................................................8

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

93841869.1

ii

DEFENDANTS' MEMO OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

*Premier Fabrics, Inc. v. Woodland Trading Inc.*,
  42 F. Supp. 3d 549 (S.D.N.Y. 2014) ..................................................................10

*R Power Biofuels, LLC v. Chemex LLC*,
  2016 WL 6663002 (N.D. Cal. Nov. 11, 2016) .....................................................3

*Star Fabrics, Inc. v. Wet Seal, Inc.*,
  2014 WL 12591272 (C.D. Cal. Dec. 2, 2014) ............................................ *passim*

*Unicolors, Inc. v. NB Brother Corp.*,
  2017 WL 4402287 (C.D. Cal. Oct. 3, 2017) .........................................................8

**STATUTES, RULES & REGULATIONS**

Federal Rule of Civil Procedure 8(a)(2) ........................................................................2

Federal Rule of Civil Procedure 12(b)(6) ......................................................................3

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

93841869.1

iii

DEFENDANTS' MEMO OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

# I.

# INTRODUCTION

Klauber Brothers, Inc. ("Plaintiff") purports to allege direct, vicarious and/or contributory copyright infringement of two patterns of lace trim against P.J. Salvage (the "Brand") and 10 retailer defendants (the "Retailer Defendants" and, collectively with the Brand, "Defendants"). Plaintiff's generalized complaint amounts to little more than legal conclusions.

Indeed, the complaint lacks factual allegations regarding access. *See, e.g., Malibu Textiles Inc. v. H&M Hennes & Mauritz LP*, 2017 WL 4685537 (C.D. Cal. June 29, 2017); *Lixenberg v. BioWorld Merch., Inc.*, 2016 WL 7469666 (C.D. Cal. Feb. 1, 2016); *Star Fabrics, Inc. v. Wet Seal, Inc.*, 2014 WL 12591272 (C.D. Cal. Dec. 2, 2014). It does not anywhere allege "striking similarity." And the generalized allegations of "substantial similarity" rely on a photograph of a portion of a purportedly infringing product without identifying which garment this was separated from and without alleging the content, layout, shape, color, material, and arrangement of any of the garments listed in the complaint. Thus, the complaint does not allege copyright infringement.

The complaint likewise fails to allege vicarious or contributory copyright infringement. Plaintiff does not distinguish between the eleven named defendants. Plaintiff fails to allege sufficient facts to provide notice of the scope of its claims or to allow a court to draw a reasonable inference that any of the defendants are liable for direct, vicarious, or contributory infringement. The complaint's boilerplate allegations are insufficient as a matter of law. *See, e.g., Klauber Bros., Inc. v. Jenny Yoo Collection, Inc.*, 2017 WL 4082483 (S.D.N.Y. July 18, 2017).

As discussed below, the complaint in this action consists of incomplete and legally insufficient factual allegations that fail to meet the threshold pleading requirements. Under the governing legal standards, it must be dismissed.

## II.
## BACKGROUND

Plaintiff purports to own copyrights in Design Number 7087 and Design Number 7088 which consist of fine lace with petals and flowers. Compl. ¶¶ 20-21, 25. These lace designs are white and rectangular with delicate translucent filigree. *Id.* ¶ 25.

Plaintiff alleges that Defendants have infringed their designs. Compl. ¶¶ 20-22, 30, 38-39. As discussed below, Plaintiff's generalized allegations are insufficient to establish infringement as a matter of law. Further, the complaint fails to identify any particular product(s) with the allegedly infringing components. Compl. ¶ 25. Indeed, although the complaint lists a number of different products, the complaint **has not alleged which product** it is referring to by its out-of-context photograph of a cut-out fragment. Compl. ¶¶ 24-25. Nor does the complaint identify how any of these different products are substantially similar to Plaintiff's alleged work, what the cut and arrangement of lace on any these garments is (and, as stated, the complaint fails to allege what garment the out-of-context photograph was allegedly taken from), what shape lace is used and how it is configured in its context, what lace materials are used, what color scheme is used for any garment, or any of the other factors that are legally required to establish the sufficiency of the pleadings in a copyright infringement action. *Id.*

## III.
## STANDARDS ON MOTION TO DISMISS

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). The complaint must also be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

93841869.1

2

DEFENDANTS' MEMO OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

1 'probability requirement,' but it asks for more than a sheer possibility that a
2 defendant has acted unlawfully." *Id.* (internal citation omitted).
3       Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move
4 to dismiss an action for failure to allege "enough facts to state a claim to relief that
5 is plausible on its face." *Mathew Enter., Inc. v. FCA US, LLC*, 2016 WL 6778534,
6 at *4 (N.D. Cal. Nov. 16, 2016) (quoting *Twombly*, 550 U.S. at 570). "Dismissal
7 under Rule 12(b)(6) may be based on either (1) the 'lack of a cognizable legal
8 theory,' or (2) 'the absence of sufficient facts alleged under a cognizable legal
9 theory.'" *R Power Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002, at *3 (N.D.
10 Cal. Nov. 11, 2016) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
11 (9th Cir. 1990)).

## IV.

## ARGUMENT

### A. Plaintiff Fails to State a Claim for Copyright Infringement.

15 "A prima facie case for copyright infringement requires proof of . . . '(1)
16 ownership of a valid copyright, and (2) copying of constituent elements of the work
17 that are original.'" *Star Fabrics, Inc.*, 2014 WL 12591272, at *3. "[C]opying
18 requires proof of both of the following: '(1) that the defendant had access to the
19 plaintiff's work and (2) that the works are substantially similar.'" *Id.* (internal
20 citations omitted). Plaintiff's complaint fails to plead facts sufficient to allege
21 access or the requisite similarity. Further, the complaint fails to plead facts
22 sufficient to allege ownership of valid copyright for the designs at issue.

### 1. Plaintiff Fails to Plead Facts Sufficient to Allege Access.

24 Plaintiff does not adequately plead access. "Proof of access requires a
25 'reasonable opportunity' or 'reasonable possibility' of *viewing* the plaintiff's work."
26 *Star Fabrics*, 2014 WL 12591271, at *3 (citation omitted). "'Reasonable
27 possibility' requires more than 'a bare possibility.'" *Id.* "Access may be proven by
28 direct or circumstantial evidence." *Id.* "To adequately allege access by

circumstantial evidence, a plaintiff must allege facts by either: '(1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id.*

Plaintiff attempts to establish a "chain of events" and widespread dissemination. Without differentiating between any of the eleven Defendants or explaining how or when purported events occurred, Plaintiff alleges the following in support of a "chain of events":

> Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A and Subject Design B (collectively, 'Subject Designs') including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design . . . ; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

Compl. ¶ 30.

These generalized allegations fail under the governing standards and have been soundly rejected as insufficient to plausibly allege access. For example, in *Star Fabrics*, the same plaintiff's counsel "allege[d] that The Wet Seal had access to the design based on access to: (1) Star's showroom or design library; (2) illegally distributed copies of the design; (3) Star's strike-offs and samples; and (4) lawfully manufactured garments in the marketplace bearing the design." 2014 WL 12591271, at *4. Judge O'Connell held that these allegations were inadequate:

> [T]hese allegation amount to no more than a speculative list of the potential ways The Wet Seal could have theoretically accessed Star's design. Because the Complaint fails to allege any concrete facts specifically linking The Wet Seal to the protected design, Star has not adequately alleged access by a chain of events.

*Id.* (internal citations omitted); *see also Malibu Textiles Inc.*, 2017 WL 4685537, at *2 (following *Star Fabrics*).

This Court likewise held in *Lixenberg*, 2016 WL 7469666, at *2, that these

generalized allegations fail to meet the threshold pleading standard:

> The Complaint alleges that "Defendants . . . had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs in or on [Plaintiff's] publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source." This allegation alone, without any supporting factual details regarding dissemination, is insufficient to support a reasonable possibility that Defendants accessed the Subject Photographs at issue.

Hence, Plaintiff's allegation of a "chain of events" is insufficient as a matter of law to allege access.

Plaintiff's allegation of widespread dissemination is similarly deficient. Plaintiff alleges, without factual support: "Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design to numerous parties in the fashion and apparel industries." Compl. ¶ 22. In *Star Fabrics*, the Court held that an allegation that plaintiff "widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries" without further factual support was insufficient to plead access. *Star Fabrics*, 2014 WL 12591271, at *4. *Star Fabrics* held that because "the Complaint alleges no facts to support this allegation" and "fails to quantify the design's dissemination in any way, it falls short of demonstrating a reasonable possibility of access." *Id.*; *see also Lixenberg*, 2016 WL 7469666, at *2. Accordingly, this generalized factual allegation fails as a matter of law.

Because Plaintiff has failed to establish a chain of events or widespread dissemination, Plaintiff's first claim must be dismissed.

### 2. Plaintiff Fails to Plead Facts Sufficient to Allege Striking Similarity or Even Substantial Similarity.

Plaintiff's first claim also fails because the complaint does not adequately plead striking similarity or even substantial similarity.

Because Plaintiff has failed to adequately allege access, it must allege that

the designs are "strikingly similar." *Baxter v. MCA, Inc.*, 812 F.2d 421, 424, n. 2 (9th Cir. 1987) ("Proof of striking similarity is an alternative means of proving 'copying' where proof of access is absent"). Plaintiff does not plead that the works are "strikingly similar" but expressly alleges that they are "substantially similar." Compl. ¶26. Thus, the complaint should be dismissed because it fails either to allege facts regarding access or striking similarity.

Moreover, even if the complaint had alleged facts demonstrating access, Plaintiff does not allege facts sufficient to establish substantial similarity. "The test for substantial similarity involves an extrinsic and intrinsic inquiry. The extrinsic test is objective and 'focuses on the 'articulable similarities' between the two works.'" *Star Fabrics*, 2014 WL 12591271, at *4 (citations omitted). The intrinsic test is subjective and considers "'whether the ordinary, reasonable audience' would find the works substantially similar in the 'total concept and feel of the works.'" *Id*. "On a motion to dismiss, the Court need only address the extrinsic test, as the intrinsic test must be resolved by a jury." *Id*. "In applying the extrinsic test . . . [i]n the context of fabric designs, a court must examine 'the similarities in their objective details in appearance, including, but not limited to, the **subject matter**, **shapes**, **colors**, **materials**, and **arrangement of the representations**." *Star Fabrics*, 2014 WL 12591271, at *4 (emphasis added); *see also L.A. Printext Indust., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012).

Plaintiff's complaint does not include factual allegations of substantial similarity. Indeed, although Plaintiff purports to include a photograph of an "infringing product," it does not identify which product this is allegedly taken from. *See* Compl. ¶ 25. This photograph is not identified as one of the listed SKU or style numbered products. Compl. ¶ 24. Moreover, the complaint does not include any allegation as to how the differently shaped (triangular verses rectangular) differently colored (brown versus white) and stitched together design appears in the product from which it was allegedly taken. Compl. ¶ 25. The photograph is

incomplete. It does not depict a garment at all, and certainly fails to allege facts sufficient to show substantial similarity because it omits any reference to an actual garment. *See id.*

In addition, the alleged Subject Design has translucent lace with finely detailed flower petals, but the alleged Infringing Product has filled-in leaves, lacks the ornate detail, and, as stated, is a different shape, color, size, and spatial arrangement. Compl. ¶ 25. Further, Plaintiff does not allege the substantial similarity of the subject matter, shapes, colors, materials, and arrangement of the lace on **_any_** of the different SKU or style numbered products listed in paragraph 24 of the complaint. Compl. ¶¶ 24-25.

Therefore, even if Plaintiff had shown a garment and adequately alleged that the product in the photograph was made or sold by any of the Defendants, Plaintiff has not adequately alleged substantial similarity to the products. The first claim should be dismissed on this further ground.

### 3. Plaintiff Fails to Plead Facts Sufficient to Allege Ownership of a Valid Copyright for the Designs at Issue.

Plaintiff alleges that "[p]rior to the conduct complained of herein," it "composed an original two-dimensional artwork for purposes of lace production." Compl. ¶ 20. Plaintiff further alleges that it "owns a United States Copyright Registration covering Subject Design," which Plaintiff defines as "Plaintiff's Internal Design Number 7087, and a slightly reformatted version of 7087 [which Plaintiff] allocated Design Number 7088." Compl. ¶¶ 20-21.

Plaintiff does not allege when it created the asserted designs, when it published those designs, when it allegedly registered the patterns, or when the "conduct complained of" by Defendants purportedly occurred. *See* Compl. ¶ 20. Indeed, Plaintiff's complaint in a prior action that it filed in 2012 made clear that Plaintiff had not registered it with the U.S. Copyright Office at that time, although Plaintiff alleges in that action that it created the design in 1991. Request for

Judicial Notice ("RJN") Exhibit ("Exh.") A at ¶ 10; *see also Klauber Bros., Inc. v. Russell-Newman, Inc.*, 2013 WL 1245456, at *1 (S.D.N.Y. Mar. 26, 2013) (same).

Moreover, Plaintiff's instant allegations about the purported designs are not coherent. The complaint asserts that Design Number 7088 is "a slightly reformatted version of 7087." Compl. ¶ 20. But Plaintiff's complaint in its prior action asserted exactly the opposite by representing that "[d]esign number 7087 is a derivative work of design numbers 7088 and 7089." RJN Exh. A at ¶ 10.

Thus, Plaintiff's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face" and is subject to dismissal. *Twombly*, 550 U.S. at 547. At minimum, Plaintiff must allege when the registration of Design Number 7087 occurred. Plaintiff also must allege whether, in fact, Design Number 7088 is a derivative work of Design Number 7087 (as Plaintiff currently appears to contend) or whether Design Number 7087 is a derivative work of Design Number 7088 (as Plaintiff expressly contended in 2012).

## B. Plaintiff Fails to State a Claim for Vicarious and/or Contributory Copyright Infringement.

Plaintiff's second claim for vicarious and/or contributory copyright infringement also fails.

"'A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and 'has the right and ability to supervise' the infringing activity." *Unicolors, Inc. v. NB Brother Corp.*, 2017 WL 4402287, at *5 (C.D. Cal. Oct. 3, 2017) (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)). "One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of *another* may be liable as a contributory copyright infringer." *Unicolors, Inc.*, 2017 WL 4402287, at *5 (quoting *Ellison*, 357 F.3d at 1076). "'Put differently, liability exists if the defendant engages in 'personal conduct that encourages or assists the infringement.'" *Unicolors, Inc.*, 2017 WL 4402287, at *5 (quoting *Napster*, 239

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

93841869.1

8

DEFENDANTS' MEMO OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

1 F.3d at 1019 (quoting *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998))).

A prerequisite for vicarious infringement and contributory infringement "is some underlying direct infringement." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 591 F.Supp.2d 1098, 1104 (N.D. Cal. 2008). As set forth above, Plaintiff has not alleged copyright infringement or substantial similarity between the designs. Accordingly, Defendants cannot be liable for vicarious and/or contributory infringement.

Separately, Plaintiff's conclusory allegations regarding Defendants' purported knowledge and participation are insufficient to establish a claim for vicarious and/or contributory infringement when unsupported by facts. Plaintiff alleges, "Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein. ... Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct." Compl. ¶¶ 38-39.

In another case brought by Plaintiff, the Southern District of New York recently held that identical allegations did not satisfy *Twombly* pleading requirements. In *Klauber Bros., Inc.*, 2017 WL 4082483, at *6, Plaintiff alleged "Defendants knowingly induced, participated in, aided and abetted in and profited from illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged herein above," and that the defendants in that case "had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct." The court noted that each of "those claims lack[ed] supporting factual assertions." *Id.* Therefore, the court held: "Because the allegations concerning the claim for secondary liability consist of nothing more than 'naked assertions devoid of further factual enhancement,' the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

93841869.1

9

DEFENDANTS' MEMO OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

motion to dismiss it is granted." *Id.*[1] The same result is warranted here.

## V.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's complaint.

Dated: August 31, 2018

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ Paul M. Gelb
Paul M. Gelb
Zoe K. Wilhelm

Attorneys for Defendants
P.J. SALVAGE, WUNDIES ENTERPRISES, INC., ANDRA GROUP L.P., BLUM'S SWIMWEAR AND INTIMATE APPAREL, CENTURY 21 DEPARTMENT STORES, LLC, DILLARDS INC., AND NORDSTROM, INC.

Dated: August 31, 2018

SPERTUS, LANDES & UMHOFER, LLP

By: /s/ Ezra D. Landes
Ezra D. Landes

Attorneys for Defendants
AMAZON.COM, INC., LORD & TAYLOR, LLC, MACY'S INC., AND ZAPPOS IP, INC.

---

[1] *Accord Premier Fabrics, Inc. v. Woodland Trading Inc.*, 42 F. Supp. 3d 549, 555 (S.D.N.Y. 2014) ("Apart from the conclusory allegation that '[d]efendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design,' the First Amended Complaint makes no allegations of Ross's knowledge of the scope of its control, if any, over the allegedly infringing activity. Because plaintiffs fail to allege that Ross knowingly induced or encouraged direct infringement, or enjoyed a right to stop or limit the infringing activity, plaintiff's claims for vicarious or contributory liability against Ross are dismissed for failure to state a claim.").

93841869.1

10

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On **August 31, 2018**, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** on the interested parties in this action by transmitting a copy as follows:

**SEE ATTACHED SERVICE LIST**

__X__ **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

____ **By PERSONAL SERVICE**

   ____ by personally delivering such envelope to the addressee.

   ____ by causing such envelope to be delivered by messenger to the office of the addressee.

____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

____ **By FAX TRANSMISSION**

____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 31, 2018**, at Los Angeles, California.

_____PAUL M. GELB_____   _____/s/ Paul M. Gelb_____
Name                              Signature

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

93841869.1

**SERVICE LIST**
*Klauber Brothers, Inc. v. P.J. Salvage, et al.*
USDC Case No. 2:18-cv-05470-MWF-JPR

Trevor William Barrett
tbarrett@donigerlawfirm.com

Scott A. Burroughs
scott@donigerlawfirm.com, jgomes@donigerlawfirm.com, ewilson@donigerlawfirm.com, awinter@donigerlawfirm.com, llittman@donigerlawfirm.com, dphillips@donigerlawfirm.com, tbarrett@donigerlawfirm.com

Stephen M. Doniger
stephen@donigerlawfirm.com, ewilson@donigerlawfirm.com, awinter@donigerlawfirm.com, llittman@donigerlawfirm.com, ggarcia@donigerlawfirm.com; hhan@donigerlawfirm.com, dphillips@donigerlawfirm.com, tbarrett@donigerlawfirm.com

Justin M. Gomes
jgomes@donigerlawfirm.com

Ezra D. Landes
ezra@spertuslaw.com, sluecf@spertuslaw.com

James W. Spertus
jim@spertuslaw.com, sluecf@spertuslaw.com