Paul M. Gelb (SBN 214439)
Paul.Gelb@dbr.com
Zoë K. Wilhelm (SBN 305932)
Zoe.Wilhelm@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendants
P.J. SALVAGE, WUNDIES ENTERPRISES,
INC., ANDRA GROUP L.P., BLUM'S
SWIMWEAR AND INTIMATE APPAREL,
CENTURY 21 DEPARTMENT STORES, LLC,
DILLARD'S INC., AND NORDSTROM, INC.

James W. Spertus (SBN 159825)
Jim@spertuslaw.com
Ezra D. Landes (SBN 253052)
Ezra@spertuslaw.com
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711

Attorneys for Defendants
AMAZON.COM, INC., LORD & TAYLOR,
LLC, MACY'S INC., AND ZAPPOS IP, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>P.J. SALVAGE, a business entity of form unknown; WUNDIES ENTERPRISES, INC., a New Jersey Corporation; ANDRA GROUP L.P., individually and doing business as "HerRoom.com," a Texas Limited Partnership; AMAZON.COM, INC., a Washington Corporation; BLUM'S SWIMWEAR AND INTIMATE APPAREL, a business entity of form | Case No. 2:18-cv-05470-MWF-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RETAILER DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:  February 11, 2019<br>Time:  10:00 a.m.<br>Judge:  Hon. Michael W. Fitzgerald<br>Place:  350 West First Street<br>     Courtroom 5A<br>     Los Angeles, CA 90012 |

unknown; THE BRA GENIE, a business entity of form unknown; CENTURY 21 DEPARTMENT STORES, LLC, a New York Limited Liability Company; DILLARD'S INC., and Arkansas Corporation; LORD & TAYLOR, LLC, a Delaware Limited Liability Company; MACY'S INC., individually and doing business as "Bloomingdale's", a Delaware Corporation; NORDSTROM, INC., a Washington Corporation; ZAPPOS IP, INC., individually and doing business as "Zappos.com" and "6pm.com," and DOES 1 through 10,

Defendants.

Complaint Filed:  Nov. 20, 2018

*[Notice of Motion and Motion to Dismiss; and [Proposed] Order, filed concurrently herewith]*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................... 6

II.   BACKGROUND ............................................ 7

III.  STANDARDS ON MOTION TO DISMISS ..............................10

IV.   ARGUMENT...............................................11

    A.    Plaintiff Fails to State a Claim Against the Retailer Defendants for Vicarious and/or Contributory Copyright Infringement. ................... 11

    B.    Plaintiff Fails to State a Claim for Copyright Infringement Against the Retailer Defendants........................................ 14

        1.    Plaintiff Fails to Plead Facts Sufficient to Allege Access by the Retailer Defendants.........................................14

        2.    Plaintiff Fails to Plead Facts Sufficient to Allege Striking Similarity or Even Substantial Similarity as to the Garments Allegedly Sold by Retailer Defendants. ...................................16

V.    CONCLUSION ...........................................23

# TABLE OF AUTHORITIES

**Page**

**CASES**

*A&M Records, Inc. v. Napster, Inc.,*
    239 F.3d 1004, 1019 (9th Cir. 2001) ........................................................11, 12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).....................................................................................10, 13

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1990).............................................................................10

*Baxter v. MCA, Inc.,*
    812 F.2d 421 (9th Cir. 1987).............................................................................16

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................... 10, 12, 22

*Cavalier v. Random House,*
    297 F.3d 815 (9th Cir. 2002)...............................................................................7

*Ellison v. Robertson,*
    357 F.3d 1072 (9th Cir. 2004)...........................................................................11

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,*
    443 F.2d 1159 (2d Cir. 1971)............................................................................11

*Hard Rock Café Licensing v. Concession Servs.,*
    955 F.2d 1143 (7th Cir. 1992)...........................................................................11

*Klauber Bros., Inc. v. Jenny Yoo Collection, Inc.,*
    2017 WL 4082483 (S.D.N.Y. July 18, 2017) ................................................6, 12

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.,*
    676 F.3d 841, 849 (9th Cir. 2012).................................................................7, 17

*Lixenberg v. BioWorld Merch., Inc.,*
    2016 WL 7469666 (C.D. Cal. Feb. 1, 2016) .................................................6, 16

*Luvdarts, LLC v. AT & T Mobility, LLC,*
    710 F.3d 1068 (9th Cir. 2013)...........................................................................14

*Malibu Textiles Inc. v. H&M Hennes & Mauritz LP*,
2017 WL 4685537 (C.D. Cal. June 29, 2017) ......................................................6

*Mathew Enter., Inc. v. FCA US, LLC*,
2016 WL 6778534 (N.D. Cal. Nov. 16, 2016) ..................................................10

*Matthew Bender & Co. v. West Publ'g Co.*,
158 F.3d 693 (2d Cir. 1998)..............................................................................11

*Premier Fabrics, Inc. v. Woodland Trading Inc.*,
42 F. Supp. 3d 549 (S.D.N.Y. 2014) ................................................................12

*R Power Biofuels, LLC v. Chemex LLC*,
2016 WL 6663002 (N.D. Cal. Nov. 11, 2016) ..................................................10

*Star Fabrics, Inc. v. Wet Seal, Inc.*,
2014 WL 12591272 (C.D. Cal. Dec. 2, 2014) ....................................... 6, 8, 14, 16

*Tatone v. SunTrust Mortg., Inc.*,
857 F.Supp.2d 821 (D. Minn. 2012) ..................................................................7

*Unicolors, Inc. v. NB Brother Corp.*,
2017 WL 4402287 (C.D. Cal. Oct. 3, 2017)..............................................11, 14

*Vitalix S.A. DE C.V. v. Grupo Carossi Sociedad Anonima*,
2010 WL 2612696 (C.D. Cal. June 25, 2010) ..................................................13

*Williams v. Crichton*,
84 F.3d 581 (2d Cir. 1996)..................................................................................7

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 8(a)(2) .................................................................................7, 10

Fed. R. Civ. Proc. 8(d)(1)............................................................................7, 17

Fed. R. Civ. Proc. 12(b)(6)................................................................................10

# I.

## INTRODUCTION

Klauber Brothers, Inc. ("Plaintiff") purports to allege direct, vicarious and/or contributory copyright infringement concerning two patterns of lace against P.J. Salvage (the "Brand" or "P.J. Salvage") and 10 retailer defendants (the "Retailer Defendants" and, collectively with the Brand, "Defendants"). Plaintiff must allege facts sufficient to make out the elements of its claims as to each Defendant. Plaintiff's First Amended Complaint ("FAC") fails to do so with regard to the Retailer Defendants, who should be dismissed from this action.

The FAC's allegations on its second claim for vicarious and/or contributory copyright infringement against the Retailer Defendants are insufficient as a matter of law. The FAC does not allege facts showing that the Retailer Defendants had knowledge or control to establish vicarious or contributory copyright infringement. *See*, *e.g.*, *Klauber Bros., Inc. v. Jenny Yoo Collection, Inc.*, 2017 WL 4082483 (S.D.N.Y. July 18, 2017). Indeed, the few facts that Plaintiff alleges point to the fact that the Retailer Defendants did ***not*** possess the requisite knowledge or control. Therefore, the secondary infringement claim fails to state a claim against the Retailer Defendants.

Likewise, the FAC does not state a claim for direct copyright infringement against the Retailer Defendants. For one thing, it lacks factual allegations regarding access by the Retailer Defendants. *See*, *e.g.*, *Malibu Textiles Inc. v. H&M Hennes & Mauritz LP*, 2017 WL 4685537 (C.D. Cal. June 29, 2017); *Lixenberg v. BioWorld Merch., Inc.*, 2016 WL 7469666 (C.D. Cal. Feb. 1, 2016); *Star Fabrics, Inc. v. Wet Seal, Inc.*, 2014 WL 12591272 (C.D. Cal. Dec. 2, 2014). Further, the FAC's allegations of "substantial similarity" rely solely on the products that the Brand allegedly made and sold (*see* FAC ¶¶ 25(a), 28, 30), not on any of the products that the Retailer Defendants allegedly sold (*see* FAC, Exh. A).

To the contrary, the attachment of photographs as an undifferentiated exhibit

that is 300 pages long demonstrates that the products allegedly sold by the Retailer

Defendants differ dramatically in content, layout, shape, color, material, and/or

arrangement, and from the exemplar provided by Plaintiff in the FAC. *See L.A.*

*Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012) ("when

comparing fabric designs a court must 'examine the similarities in their 'objective

details in appearance,' including, but not limited to, 'the subject matter, ***shapes***,

***colors***, ***materials***, and ***arrangement of the representations***.'") (citing *Cavalier v.*

*Random House*, 297 F.3d 815, 826 (9th Cir. 2002)) (emphasis added); *see also*

*Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir. 1996) ("Such a scattershot

approach cannot support a finding of substantial similarity because it fails to

address the underlying issue: whether a lay observer would consider ***the works as a***

***whole*** substantially similar to one another.") (emphasis added).

Such pleading by way of an blunderbuss exhibit fails to satisfy the Rule

8(a)(2)'s requirement for a "a short and plain statement of the claim showing that

the pleader is entitled to relief." *See also* Fed. R. Civ. Proc. 8(d)(1) ("Each

allegation must be simple, concise, and direct"); *see also Tatone v. SunTrust*

*Mortg., Inc.*, 857 F.Supp.2d 821, 840 (D. Minn. 2012) ("A complaint which lumps

all defendants together and does not sufficiently allege who did what to whom, fails

to state a claim for relief because it does not provide fair notice of the grounds for

the claims made against ***a particular defendant***.") (emphasis added).

As discussed below, the FAC consists of incomplete and legally insufficient

factual allegations that fail to meet the threshold pleading requirements. Plaintiff

has already been given the opportunity to correct these pleading deficiencies. The

FAC should be dismissed as to the Retailer Defendants without leave to amend.

## II.

## <u>BACKGROUND</u>

On June 19, 2018, Plaintiff commenced this action purporting to allege

direct, vicarious and/or contributory copyright infringement of two patterns of lace

against P.J. Salvage, a manufacturer of pajamas, loungewear, and lingerie, and 10 retailers. The two patterns of lace, Design Number 7087 and Design Number 7088 (together, "Lace Designs") consist of fine lace with leaves and flowers. FAC. ¶¶ 19. These Lace Designs are white and rectangular with translucent filigree. *Id.*

On October 30, 2018, the Court dismissed Plaintiff's complaint with leave to amend. Dkt. 47. First, the Court found that Plaintiff failed to allege access to the Lace Designs. Rather, Plaintiff had alleged only "a speculative list of the potential ways [Defendants] could have theoretically" accessed the Lace Designs. *Id.* at 8 (quoting *Star Fabrics, Inc. v. Wet Seal, Inc.*, No. 14-cv-7163-BRO (SHx), 2014 WL 12591271 at *4 (C.D. Cal.)). The Court noted: "The Complaint not only fails to allege any concrete facts specifically linking Defendants' activities to the Lace Designs, but also fails to distinguish the individual activities of the purported wrongdoers by referring to them collectively as 'Defendants.'" Dkt. 47 at 8.

Second, the Court found that Plaintiff failed to allege substantial similarity between the Lace Designs and the allegedly infringing products. Dkt. 47 at 10. While Plaintiff included a photograph of part of one product, it was unclear which, if any, of the Defendants had sold the product. Moreover, the Court noted that "the products are differently shaped (triangular versus rectangular), differently colored (brown versus white), and differently arranged (filled-in versus translucent leaves and stems)." *Id.* Based on these differences, "the Court [could] not conclude that they are substantially similar. *Id.*

Finally, the Court dismissed Plaintiff's claim for vicarious and/or contributory copyright infringement "because Plaintiff has failed to identify direct infringement by some third party." Dkt. 47 at 11.

On November 20, 2018, Plaintiff filed a first amended complaint alleging new facts as to P.J. Salvage and attaching over 300 pages of images of products allegedly purchased from the Retailer Defendants and the Brand.

As to access, Plaintiff alleges that at an unspecified time a Chinese

manufacturer, Zhangjiagang Jezo Co. Ltd. ("Zhangjiagang"), had contacted Plaintiff about the Lace Designs and revealed that it was engaged in manufacturing on behalf of the Brand.  Compl. ¶ 37.  Plaintiff does not plead any facts suggesting that this manufacturer had any relationship with the Retailer Defendants.

As to the Brand's relationship with the Retailer Defendants, Plaintiff relies on the previous conclusory allegation

> that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

FAC ¶ 18.

Plaintiff has added numerous allegations regarding the similarity of the Lace Designs and lace on two products sold by the Brand.  FAC ¶¶ 28-31.  However, for the Retailer Defendants, Plaintiff relies solely on its 300 page "Exhibit A" which is an undifferentiated compilation of store receipts, product photographs, and website screenshots.  FAC ¶ 26 & Exh. A.  As discussed below, these photographs as to the Retailer Defendants depict products that do not share many of the characteristics of the Lace Designs, contain different shapes and colors, are arranged differently, and/or lack other elements of the Lace Designs.  Indeed, in some of these photographs, it is impossible to see the detail of the lace portion of the garment and compare it to the Lace Designs.  Plaintiff has therefore insufficiently alleged infringement as to the Retailer Defendants.

With regard to secondary infringement, Plaintiff newly alleges that the Chinese manufacturer Zhangjiagang, which is not a defendant in this action, is the

1  direct infringer.  FAC ¶ 46.  However, Plaintiff does not suggest that *any* of the

2  Retailer Defendants have any relationship with the manufacturer, much less

3  supervisory control over the manufacturer's conduct.

### III.

### STANDARDS ON MOTION TO DISMISS

6  Rule 8 requires a "short and plain statement of the claim showing that the

7  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must provide

8  enough detail to "give the defendant fair notice of what the . . . claim is and the

9  grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

10  (quotations omitted).  The complaint must also be "plausible on its face."  *Ashcroft*

11  *v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a

12  'probability requirement,' but it asks for more than a sheer possibility that a

13  defendant has acted unlawfully."  *Id.* (internal citation omitted).

14  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move

15  to dismiss an action for failure to allege "enough facts to state a claim to relief that

16  is plausible on its face."  *Mathew Enter., Inc. v. FCA US, LLC*, 2016 WL 6778534,

17  at *4 (N.D. Cal. Nov. 16, 2016) (quoting *Twombly*, 550 U.S. at 570).  "Dismissal

18  under Rule 12(b)(6) may be based on either (1) the 'lack of a cognizable legal

19  theory,' or (2) 'the absence of sufficient facts alleged under a cognizable legal

20  theory.'"  *R Power Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002, at *3 (N.D.

21  Cal. Nov. 11, 2016) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

22  (9th Cir. 1990)).

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# IV.

# ARGUMENT

**A.**  **Plaintiff Fails to State a Claim Against the Retailer Defendants for Vicarious and/or Contributory Copyright Infringement.**

Plaintiff's second claim for vicarious and/or contributory copyright infringement fails as to the Retailer Defendants.

To state a claim for vicarious infringement, the complaint must allege that the defendant "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Hard Rock Café Licensing v. Concession Servs.*, 955 F.2d 1143, 1150 (7th Cir. 1992) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)); *see also Unicolors, Inc. v. NB Brother Corp.*, 2017 WL 4402287, at *5 (C.D. Cal. Oct. 3, 2017) ("'A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and 'has the right and ability to supervise' the infringing activity.") (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)).

Likewise, only "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of *another* may be liable as a contributory copyright infringer." *Unicolors*, 2017 WL 4402287, at *5. "'Put differently, liability exists if the defendant engages in 'personal conduct that encourages or assists the infringement.'" *Id.* (quoting *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1019 (9th Cir. 2001) (quoting *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998))).

Plaintiff's conclusory allegations regarding the Retailers Defendants' purported knowledge and participation are insufficient to establish a claim for vicarious and/or contributory infringement when unsupported by facts.  Plaintiff alleges that "PJ and the retailer Defendants direct[ed] the manufacture of or selection and sourcing of materials and designs for the Infringing Product or had

direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Product." FAC ¶ 47. Plaintiff further alleges that "PJ and the retailer Defendants derived profit in connection with such infringement through its sales of Infringing Product." *Id.* Finally, as in its initial complaint, Plaintiff broadly alleges, "Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein. … Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct."[1] FAC ¶¶ 48-49.

While Plaintiff now refers to "PJ and the retailer Defendants" rather than simply "Defendants," Plaintiff fails to differentiate between the 10 Retailer Defendants and, more to the point, fails to explain how the Retailer Defendants could possibly have supervised the conduct of either Zhangjiagang or the Brand. Indeed, Plaintiff's allegations make such legal conclusions implausible. The FAC reflects that the Retailer Defendants are retail competitors. FAC ¶¶ 25-26 & Exh. A.

Without some specific factual allegations, one cannot possibly infer that, despite the fact that these 10 Retailer Defendants were competitors, they were all working together with an apparel brand to supervise and control the design and/or manufacture of products. *Premier Fabrics, Inc. v. Woodland Trading Inc.*, 42 F. Supp. 3d 549, 555 (S.D.N.Y. 2014) ("Apart from the conclusory allegation that '[d]efendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design,' the First Amended Complaint makes no allegations of Ross's knowledge of the scope of its control, if any, over the allegedly infringing activity.

---

[1] One court has held that identical allegations did not satisfy the *Twombly* pleading standards. *Klauber Bros., Inc.*, 2017 WL 4082483, at *6 (involving identical allegations).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

12

1   Because plaintiffs fail to allege that Ross knowingly induced or encouraged direct

2   infringement, or enjoyed a right to stop or limit the infringing activity, plaintiff's

3   claims for vicarious or contributory liability against Ross are dismissed for failure

4   to state a claim.").

5           In fact, Plaintiff has not alleged that any of the Retailer Defendants is in the

6   business of designing or manufacturing apparel, much less apparel under the "P.J.

7   Salvage" brand.  Therefore, it is not reasonable to infer that even *one* of the Retailer

8   Defendants was supervising or controlling the conduct of the Brand or any

9   manufacturer.  Indeed, the FAC states that Zhangjiagang disclosed ***only the Brand***

10  as its customer.  FAC ¶ 22 (stating the manufacturer "identified the end customer as

11  Defendant PJ").  The FAC alleges "upon information and belief" that production

12  orders were "made by PJ to manufacture the Infringing Product into garments."

13  FAC ¶ 25.  Plaintiff further alleges that "PJ contracted with [Zhangjiagang] to

14  produce fabric or garments."  FAC ¶ 37.

15          In other words, there is no reasonable basis for either Plaintiff or the Court to

16  conclude that Zhangjiagang (or any manufacturer, for that matter) was working

17  with the Retailer Defendants to design or manufacture the garments at issue.  This

18  violates the "plausibility requirement" set forth in *Iqbal*, 556 U.S. at 678, which "is

19  not akin to a 'probability requirement,' but it asks for more than a sheer possibility

20  that a defendant has acted unlawfully."  *See also Vitalix S.A. DE C.V. v. Grupo*

21  *Carossi Sociedad Anonima*, 2010 WL 2612696, at *1 (C.D. Cal. June 25, 2010)

22  (granting motion to dismiss claim for vicarious copyright infringement because

23  "Plaintiff alleged that the Broadcasting Defendants had the ability to deny the

24  Florida Defendants' request to broadcast the Offending Videos, but this does not

25  amount to the right and ability to supervise the infringing activity.").

26          Nor has Plaintiff alleged facts from which one can reasonably infer that the

27  Retailer Defendants received some direct financial benefit from the alleged

28  infringement.  One cannot plausibly conclude that the Retailer Defendants were

involved in manufacturing any products, and there is no basis on which to conclude that they would receive financial benefit from any alleged reduced costs.  Even if Plaintiff had plausibly alleged that the Retailer Defendants received a financial benefit from reduced manufacturing costs, any such benefit would be attenuated and not the "direct financial benefit" required to establish vicarious or contributory infringement.  *See Unicolors*, 2017 WL 4402287, at *5; *see also Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068 (9th Cir. 2013).

Because Plaintiff's factual allegations in the FAC indicate that the Retailer Defendants did *not* supervise or control the alleged infringement and did *not* receive any direct financial benefit, the FAC fails to state a claim for vicarious or contributory copyright infringement against the Retailer Defendants.  This motion to dismiss should be granted as to the Retailer Defendants on the second claim without leave to amend.

**B.**   **Plaintiff Fails to State a Claim for Copyright Infringement Against the Retailer Defendants.**

"A prima facie case for copyright infringement requires proof of . . . '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Star Fabrics, Inc.*, 2014 WL 12591272, at *3.  "[C]opying requires proof of both of the following: '(1) that the defendant had access to the plaintiff's work and (2) that the works are substantially similar.'"  *Id.* (internal citations omitted).  Plaintiff's complaint fails to plead facts sufficient to allege access or the requisite similarity as to the products it alleges were sold by the Retailer Defendants.

**1.**   **Plaintiff Fails to Plead Facts Sufficient to Allege Access by the Retailer Defendants.**

Plaintiff does not adequately plead access by the Retailer Defendants.  "Proof of access requires a 'reasonable opportunity' or 'reasonable possibility' of *viewing* the plaintiff's work."  *Star Fabrics*, 2014 WL 12591271, at *3 (citation omitted).

"'Reasonable possibility' requires more than 'a bare possibility.'" *Id.* "Access may be proven by direct or circumstantial evidence." *Id.* "To adequately allege access by circumstantial evidence, a plaintiff must allege facts by either: '(1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id.*

Plaintiff attempts to establish a "chain of events" and widespread dissemination.  Aside from the same list of general allegations that this Court previously held was unduly speculative (*see* Dkt. 47 at 8; FAC ¶ 35), Plaintiff alleges the following in support of a "chain of events":

> In or about February of 2017, a Chinese fabric and garment company, [Zhangjiagang], inquired with [Plaintiff] via email as to pricing of lace featuring the Subject Design, also asking for a picture of the Subject Design.  [Plaintiff] provided the image and pricing to [Zhangjiagang] and requested that the end customer be identified. [Zhangjiagang] identified the end customer as Defendant PJ.

FAC ¶¶ 22, 37.  Plaintiff further alleges that "PJ took direct access to the Subject Design through [Zhangjiagang], or otherwise had a reasonable opportunity to view the Subject Design because PJ contracted with [Zhangjiagang] to produce fabric or garments featuring [Plaintiff's] Subject Design."  FAC ¶ 37.

The "chain of events" that Plaintiff alleges fails to allege anything against the Retailer Defendants whatsoever.  In other words, assuming Plaintiff adequately alleged that the Brand had direct access or a reasonable opportunity to access the Lace Designs, Plaintiff has not alleged any facts that suggest that the Retailer Defendants had access by virtue of the Brand's access.  Indeed, as discussed above, the alleged facts suggest that the Retailer Defendants were not involved in the manufacture or design of the garments and had no relationship with Zhangjiagang. Therefore, Plaintiff has not plausible alleged that Zhangjiagang's possession of the Lace Designs provided the Retailer Defendants access.

Plaintiff's allegation of widespread dissemination is similarly deficient.

Plaintiff alleges: "[B]y virtue of [Plaintiff's] widespread dissemination of over 30 million yards of lace featuring the Subject Design, including millions of such yards in the New York and Los Angeles apparel markets in which PJ primarily operates, PJ – and thus all other defendants – had a reasonable opportunity to view or copy the Subject Design."  FAC ¶ 36.  Again, even if Plaintiff has adequately alleged that the Brand had access to the Lace Designs by virtue of widespread dissemination, Plaintiff does not connect this to the Retailer Defendants whatsoever.

In *Star Fabrics*, the Court held that an allegation that plaintiff "widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries" without further factual support was insufficient to plead access.  *Star Fabrics*, 2014 WL 12591271, at *4.  *Star Fabrics* held that because "the Complaint alleges no facts to support this allegation" and "fails to quantify the design's dissemination in any way, it falls short of demonstrating a reasonable possibility of access."  *Id.*; *see also Lixenberg*, 2016 WL 7469666, at *2.  Accordingly, this generalized factual allegation as to the Retailer Defendants fails as a matter of law.

Because Plaintiff has failed to allege a chain of events or widespread dissemination as to the 10 Retailer Defendants, Plaintiff's first claim against them should be dismissed.

> **2.     Plaintiff Fails to Plead Facts Sufficient to Allege Striking Similarity or Even Substantial Similarity as to the Garments Allegedly Sold by Retailer Defendants.**

Plaintiff's first claim also fails because the FAC does not adequately plead striking similarity or even substantial similarity.

Because Plaintiff has failed to adequately allege access, it must allege that the designs are "strikingly similar."  *Baxter v. MCA, Inc.*, 812 F.2d 421, 424, n. 2 (9th Cir. 1987) ("Proof of striking similarity is an alternative means of proving 'copying' where proof of access is absent").  Yet, Plaintiff fails to adequately allege that the garments sold by the Retailer Defendants are "strikingly similar" to the

1   Lace Designs.  Moreover, even if the complaint had alleged facts demonstrating

2   access, Plaintiff does not allege facts sufficient to establish substantial similarity.

3          "The test for substantial similarity involves an extrinsic and intrinsic inquiry.

4   The extrinsic test is objective and 'focuses on the 'articulable similarities' between

5   the two works.'" *Star Fabrics*, 2014 WL 12591271, at *4 (citations omitted).  The

6   intrinsic test is subjective and considers "'whether the ordinary, reasonable

7   audience' would find the works substantially similar in the 'total concept and feel

8   of the works.'" *Id.*  "On a motion to dismiss, the Court need only address the

9   extrinsic test, as the intrinsic test must be resolved by a jury." *Id.*  "In applying the

10  extrinsic test . . . [i]n the context of fabric designs, a court must examine 'the

11  similarities in their objective details in appearance, including, but not limited to, the

12  ***subject matter***, ***shapes***, ***colors***, ***materials***, and ***arrangement of the***

13  ***representations***." *Star Fabrics*, 2014 WL 12591271, at *4 (emphasis added); *see*

14  *also L.A. Printex Indus., Inc. v. Aeropostale, Inc.,* 676 F.3d 841, 849 (9th Cir.

15  2012).

16         Plaintiff's complaint does not include factual allegations of either striking or

17  substantial similarity as to the Retailer Defendants.  The FAC compares various

18  aspects of the Lace Designs to lace appearing in products made and sold by the

19  Brand.  FAC ¶¶ 28-31.  However, Plaintiff fails to do the same for the Retailer

20  Defendants.  Rather, Plaintiff attaches Exhibit A of over 300 pages of unorganized,

21  unlabeled, and often unidentifiable photographs, screenshots, which does not satisfy

22  pleading requirements under the Federal Rules.  *See, e.g.,* Fed. R. Civ. Proc. 8(d)(1)

23  ("Each allegation must be simple, concise, and direct").  No defendant should have

24  to comb through 300 pages in order to speculate about the claim against it.  For

25  over a hundred of these pages, it would require significant forensic effort (if it is

26  even possible) to identify which of the Defendants, if any, Plaintiff alleges sold the

27  pictured garment. *See, e.g.,* KB000096-154.  Other pages contain scans of product

28  tags naming retailers, but it is unclear which, if any, of the photographs depict

1 products that were attached to that tag.

2        The Retailer Defendants were able to identify some product images as

3 allegedly pertaining to a particular Defendant.  In some cases, the product image

4 appeared to be on a screenshot from a given Defendant's website.  In other cases, a

5 charitable interpretation of the order of pages (product receipts followed by product

6 images), is that the images depict the products named on the receipts.  However, in

7 all of these cases, the products pictured are not substantially similar to the Lace

8 Designs and contain distinct differences:

9        <u>Century 21 Department Stores</u> ("Century 21")

10       • Plaintiff depicts a portion of one product purportedly purchased from

11         Century 21.  FAC Exh. A at KB000004-6.  The depicted product and

12         the Lace Designs are differently shaped (triangular versus rectangular)

13         and differently colored (grey versus white).  The inner portions of the

14         scalloped edges are pointed while the Lace Designs' scallops are

15         rounded.  In between the scallops is slight webbing, which is not found

16         in the Lace Designs.  Finally, the leaves and petals are two toned and

17         metallic, but the Lace Designs' leaves and petals are all white.

18       • The pages Bates numbered KB00088-89 depict a pair of women's

19         underpants purportedly on Century 21's website.  The lace leaves and

20         petals lack the translucency of those in the Lace Designs.  The lace

21         inset in the underpants lacks scalloped edges and does not have dots at

22         the edges.

23       <u>HerRoom (Andra Group L.P.)</u>

24       • While KB000010 depicts a bra purportedly sold at HerRoom, the

25         photograph makes it impossible to discern its pattern.  However,

26         differences are visible:  the lace is black, not white; the scalloped

27         edges are shallower than those of the Lace Designs; and the lace is

28         triangular rather than rectangular.

- The lace at KB000231 is triangular, pink, and does not appear to have flowers in its design.
- No pattern is visible in the product at KB000232-233

Nordstrom

- The lace on the shorts and camisole purportedly sold by Nordstrom (KB000011-16) is markedly different from the Lace Designs.  It is bright red, not white, and does not contain any flowers.  The leaves are filled in, not translucent.
- The lace pictured in KB000158 differs in color and translucency from the Lace Designs.  Further, the shapes in the design are thicker than in the Lace Designs.  There is no lace in KB000159-60.  The lace in KB000161-62 is hidden and rumpled in such a way that it is not possible to compare it to the Lace Designs.
- It is difficult to see the detail, but the lace in the product at KB000219-220 appears to be black and blue and triangular.  Similarly, the products at KB000221-229 are not white and the photographs do not show enough detail to compare the patterns.

Lord and Taylor

- The product depicted at KB000017-20 is differently colored (coral), differently arranged (triangular) and the scallops are externally webbed and internally pointed.
- The detail in the lace in the products at KB000076-79, KB000083-85, and KB000253-54 is impossible to discern.
- The leaves and petals are filled in, rather than translucent in the lace at KB000080-81.  The lace is triangular, not rectangular.
- The lace at KB000255-256 does not contain flowers and is silver, not white.
- The lace at KB000308 is bright red, not white.  It does not appear to

contain floral elements and contains few leaves.

Amazon.com

- The garment depicted at KB000021-22 is fuschia, not white, the lace is triangular and the curling stems are arranged differently than those in the Lace Designs.  The leaves and petals are two toned and the scalloped edges are thinner than those in the Lace Design and contain webbing and points that the Lace Designs' scallops do not.
- The lace depicted in the photograph at KB000047 is triangular, bright pink, and has no flowers in its design.  The scalloped edges are thinner.
- The product at KB000048-49 is grey, not white.  The lace appears to have a straight line just above the scalloped edge and the inner scallops are pointed rather than rounded.
- It is impossible to see the detail of lace in the bras at KB000050-51 and KB000266-67, the pants at KB000052-53, the camisole at KB000258-59, the shorts at KB000261-65, the underpants at KB000267-68 and KB000276, or the shirt at KB000273-74.
- The lace in the underpants at KB000277 contains central leaves, with no translucency, with flowered rather than scalloped edges.

6pm

- KB000028-KB000030 depict grey and metallic silver lace arranged in a triangle.  The flowers arch out side by side from a central line.  The scalloped edges are thin, with webbing between each dip and with points on the inner edges.
- The lace at KB000057 is silver and triangular, not white and rectangular.
- The photograph is blurred at KB000059 and it is therefore difficult to discern any detail, but the lace is arranged in a triangle, not a rectangle.

Zappos.com

- The lace in the photograph at KB000031-32 is white and grey rather than just white.  It does not contain many elements of the Lace Designs, such as scalloped edges and dots at the border.
- The photograph of the bra at KB000040-41 depicts lace that is metallic silver, not white.  Some of the petals and leaves appear to be filled in entirely while others appear to be two-toned.  The arrangement of the leaves and flowers is spatially different and the scalloped edges are thinner and more variable in width.
- It is impossible to discern the pattern in the lace depiced in the products at pages KB000042-45.

Macy's Inc. doing business as "Bloomingdale's"

- The lace in the product depicted at KB000034-39 contains none of the elements of the Lace Designs (no flowers, leaves, or stems) and is black, not white.
- It is impossible to discern the detail in the black lace at KB000054-55.
- The product lace in the bra at KB000061 is silver and grey, not white. The design contains a straight line immediately above the scalloped edge.  Some of the leaves appear to be two-toned and the lace is triangular.
- No detail is visible in the products depicted at KB00062-65, KB000251-52, and KB000285-86 but the products are pink, black, and dark gray, not white.
- The shorts at KB000249-250 do not appear to contain any lace element.  KB000249-252.

Dillard's Inc.

- Plaintiff includes screenshots of a single product, a pair of pajama pants, on Dillard's website, KB000086-87.  While there appears to be

1   a narrow strip of lace near the hems, it is impossible to see the detail in

2   the design.  *Id.* at 87.

3   <u>Blum's Swimwear and Intimate Apparel</u>

4   • Exhibit A contains 18 pages of screenshots that appear to be from

5     Blum's website.  *See* Exh. A at KB000201-218 and KB000279.  It is

6     not possible to see the detail in the lace pictured in any of the product

7     photographs.  *Id.* However, it is apparent that while the Lace Designs

8     are white and rectangular with scalloped edges, the products on

9     Blum's website are completely different both in color (charcoal, navy,

10    red, grey, burgundy, black, and pink) and in shape (narrow strips,

11    triangles, no scalloped edges).

12   Therefore, even if attaching a 300-page, undifferentiated exhibit were an

13   acceptable pleading practice, Plaintiff has failed to allege that any of the products

14   depicted were substantially similar to the Lace Designs.  The first claim should be

15   dismissed on this further ground.

16   Thus, Plaintiff's claims against the Retailer Defendants fail to allege "enough

17   facts to state a claim to relief that is plausible on its face" and is subject to

18   dismissal.  *Twombly*, 550 U.S. at 547.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# V.

## <u>CONCLUSION</u>

For the foregoing reasons, the Retailer Defendants respectfully request that the Court dismiss Plaintiff's claims against the Retailer Defendants without leave to amend.

Dated:  December 11, 2018

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: _____*/s/ Paul M. Gelb*_____
Paul M. Gelb
Zoe K. Wilhelm

Attorneys for Defendants
P.J. SALVAGE, WUNDIES
ENTERPRISES, INC.,
ANDRA GROUP L.P., BLUM'S
SWIMWEAR AND INTIMATE
APPAREL, CENTURY 21
DEPARTMENT STORES, LLC,
DILLARD'S INC., AND
NORDSTROM, INC.

Dated:  December 11, 2018

SPERTUS, LANDES & UMHOFER, LLP

By: _____*/s/ Ezra D. Landes*_____
James W. Spertus
Ezra D. Landes

Attorneys for Defendants
AMAZON.COM, INC., LORD &
TAYLOR, LLC, MACY'S INC., AND
ZAPPOS IP, INC.

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

      On **December 11, 2018**, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RETAILER DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** on the interested parties in this action by transmitting a copy as follows:

### SEE ATTACHED SERVICE LIST

  X    **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

\_\_\_\_    **By PERSONAL SERVICE**

      \_\_\_\_    by personally delivering such envelope to the addressee.

      \_\_\_\_    by causing such envelope to be delivered by messenger to the office of the addressee.

\_\_\_\_    **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_\_    **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

\_\_\_\_    **By FAX TRANSMISSION**

\_\_\_\_    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  X    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **December 11, 2018**, at Los Angeles, California.

_____         _____
        PAUL M. GELB                      */s/ Paul M. Gelb*
Name                                  Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
*Klauber Brothers, Inc. v. P.J. Salvage, et al.*
*USDC Case No. 2:18-cv-05470-MWF-JPR*


Trevor William Barrett
tbarrett@donigerlawfirm.com

Scott A. Burroughs
scott@donigerlawfirm.com, jgomes@donigerlawfirm.com, ewilson@donigerlawfirm.com,
awinter@donigerlawfirm.com, llittman@donigerlawfirm.com, dphillips@donigerlawfirm.com,
tbarrett@donigerlawfirm.com

Stephen M. Doniger
stephen@donigerlawfirm.com, ewilson@donigerlawfirm.com, awinter@donigerlawfirm.com,
llittman@donigerlawfirm.com, ggarcia@donigerlawfirm.com; hhan@donigerlawfirm.com,
dphillips@donigerlawfirm.com, tbarrett@donigerlawfirm.com

Justin M. Gomes
jgomes@donigerlawfirm.com

Ezra D. Landes
ezra@spertuslaw.com,sluecf@spertuslaw.com

James W. Spertus
jim@spertuslaw.com,sluecf@spertuslaw.com