Paul M. Gelb (SBN 214439)
Paul.Gelb@dbr.com
Zoë K. Wilhelm (SBN 305932)
Zoe.Wilhelm@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendants
P.J. SALVAGE, WUNDIES ENTERPRISES,
INC., ANDRA GROUP L.P., BLUM'S
SWIMWEAR AND INTIMATE APPAREL,
CENTURY 21 DEPARTMENT STORES, LLC,
DILLARD'S INC., AND NORDSTROM, INC.

James W. Spertus (SBN 159825)
Jim@spertuslaw.com
Ezra D. Landes (SBN 253052)
Ezra@spertuslaw.com
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711

Attorneys for Defendants
AMAZON.COM, INC., LORD & TAYLOR,
LLC, MACY'S INC., AND ZAPPOS IP, INC.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>P.J. SALVAGE, a business entity of form unknown; WUNDIES ENTERPRISES, INC., a New Jersey Corporation; ANDRA GROUP L.P., individually and doing business as "HerRoom.com," a Texas Limited Partnership; AMAZON.COM, INC., a Washington Corporation; BLUM'S SWIMWEAR AND INTIMATE APPAREL, a business entity of form | Case No. 2:18-cv-05470-MWF-JPR<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**<br><br>Magistrate Judge: Hon. Jean P. Rosenbluth<br>Courtroom: Courtroom 690<br><br>Complaint Filed: June 19, 2018<br>First Amended Complaint Filed: November 20, 2018 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | unknown; THE BRA GENIE, a business entity of form unknown; CENTURY 21 DEPARTMENT STORES, LLC, a New York Limited Liability Company; DILLARD'S INC., and Arkansas Corporation; LORD & TAYLOR, LLC, a Delaware Limited Liability Company; MACY'S INC., individually and doing business as "Bloomingdale's", a Delaware Corporation; NORDSTROM, INC., a Washington Corporation; ZAPPOS IP, INC., individually and doing business as "Zappos.com" and "6pm.com," and DOES 1 through 10,<br><br>  Defendants. |

**WHEREAS**, Plaintiff Klauber Brothers, Inc. ("Plaintiff") filed a lawsuit against defendants P.J. Salvage, Wundies Enterprises, Inc., Andra Group L.P., Blum's Swimwear and Intimate Apparel, Century 21 Department Stores, LLC, Dillard's Inc., Nordstrom, Inc., Amazon.com, Inc., Lord & Taylor, LLC, Macy's Inc., and Zappos IP, Inc. ("Defendants") titled *Klauber Brothers, Inc. v. P.J. Salvage, et al.*, 2:18-cv-05470-MWF-JPR (the "Action").

**WHEREAS**, Plaintiff, by and through counsel of record, has requested copies of confidential records;

**WHEREAS**, the aforementioned documents contain sensitive and proprietary confidential business information;

The following Stipulation and Protective Order is agreed to between the Parties, by and through their counsel, regarding the production of confidential information without prejudice to any party's position concerning any issue:

1. BINDING EFFECT

The following procedures shall govern the handling, examination, review and use of Confidential information (as herein defined) during the course of the proceedings in this Action. Furthermore, this stipulation shall take effect immediately upon the parties' joint execution of this stipulation, pending the Court's approval of the proposed protective order or an order of the same or similar effect. Should the Court refuse or fail to enter such an order, the Plaintiff and Defendants nonetheless agree to comply with the terms of this stipulation as to any and all Confidential information disclosed or shared.

2. CONFIDENTIAL INFORMATION

As used herein, "Producing Party" shall refer to any person or entity producing information or documents in connection with this litigation. As used herein, "Confidential" information shall mean any information subject to the right to privacy of any individual or entity, and designated as such by any Producing Party as provided herein. Any testimony, information, document or thing produced

in connection with this litigation may be designated as "confidential" by such Producing Party at the time such Producing Party produces or provides that testimony, information, document or thing.

3. ACCESS TO CONFIDENTIAL DOCUMENTS AND INFORMATION BY COUNSEL AND PARTIES

As used herein, Plaintiff and Defendants are collectively referenced as the "Parties" and Plaintiff and Defendants each is referenced as a "Party." As used herein, the term "Qualified Person" means: (a) the Court and necessary Court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to preparation for trial, trial of the Action, or any appeal of the Action; (b) counsel for any Party, and the paralegal, stenographic, clerical and secretarial personnel employed by such counsel; (c) any Party; (d) non-Party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained in this Action to assist in prosecution, defense, settlement or other disposition of the Action; (e) any other person to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

Confidential documents and information contained therein shall be made available only to a Qualified Person as provided herein. No Qualified Person who gains access to Confidential documents may disclose the contents or information contained in them to any person not a Qualified Person, without the advance written approval of the Parties, as provided by this Protective Order, or by order of this Court after properly noticed motion. This protective order does not govern trial or related proceedings. The parties must separately seek an order from the Court at the appropriate time concerning the use of confidential material at trial.

4. ACCESS TO CONFIDENTIAL DOCUMENTS AND INFORMATION BY EXPERTS AND CONSULTANTS

Independent expert witnesses who may testify at trial and/or nontestifying

experts retained by any party shall be informed by the party of the terms of this Order and such party shall provide a copy thereof to the expert and request and obtain the expert's written consent to be bound by this Protective Order or any protective order governing trial.

5. DISCLOSURES TO PERSONS OTHER THAN "QUALIFIED PERSONS"

In the event that a party desires to disclose to any person other than a Qualified Person, any Confidential documents and information contained therein, counsel for that party shall give at least fourteen (14) written days notice to the designating party giving the identity, name, address and occupation of each person to whom such disclosure is desired and the documents that would be disclosed. The designated party may serve by facsimile a written objection to such disclosures to requesting counsel, but failure to serve any objection does not constitute waiver of right to object, nor does it tacitly imply agreement. Absent agreement, any such objections shall be resolved by the Court, on properly noticed Motion under Local Rule 37 by the party seeking production of the document to Non-Qualified Persons. Upon any production to a Non-Qualified Person, whether by agreement, order or otherwise, the party providing the Confidential documents or information contained therein shall provide a copy of the Protective Order to said persons to whom disclosure is made.

6. USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

Confidential documents and information contained therein may be used solely for the purposes of this Action and for no other purposes. The use of any Confidential document or information contained therein at deposition in this lawsuit is subject to all preceding and succeeding paragraphs, including, but not limited to, that Confidential documents and information contained therein shall not be provided at the deposition of a non-Qualified Person, unless by agreement of all counsel, or Court Order, or other operation of this Agreement.

7.     USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION IN THIS LAWSUIT.

Where Confidential documents and information contained therein are permitted to be used at deposition, all portions of transcripts of such depositions and exhibits thereto which refer or relate to such Confidential documents and information contained therein shall themselves be considered as Confidential documents and information. The parties shall take all necessary steps to insure confidential portions of the transcripts and exhibits are preserved. In addition, the deponent, whether or not a Qualified Person, shall be instructed by the producing party, that he or she may not divulge any Confidential documents and information except to Qualified Persons.

8.     FILING AND SEALING

All Confidential documents and information contained therein, which are filed with the Court shall be filed in accordance with Local Rule 79-5.

9.     DISPOSAL AT THE CONCLUSION OF THE ACTION

At the conclusion of the action, all Confidential documents and copies thereof either (i) shall be returned to counsel for the designated party who produced such documents and information, or (ii) shall be destroyed. If any such Confidential documents or information contained therein are furnished to any expert, consultant, or to any other person, in accordance with this Stipulation and Protective Order, counsel for the party who provided such information to the expert, consultant, or to the other person shall insure that all Confidential documents and information be returned to counsel for the designated party to whom the documents belong, or shall be destroyed. If destroyed, certification thereof shall be provided to opposing counsel. Nothing in the Stipulation and Protective Order shall require the return or destruction of pleadings, court papers or other documents which are not Confidential documents and information which are in the public domain.

## 10. AMENDMENTS

Nothing in this Protective Order shall be construed to prohibit or prejudice any party to this litigation from seeking amendments broadening or restricting the rights of access to and use of Confidential documents and information, or from contesting the designation of Confidential Document and information or the right of a person to be treated as a Qualified Person as provided herein.

## 11. NO WAIVER OF PRIVILEGE

All parties acknowledge that the speed by which these documents were produced might result in the inadvertent production of documents that are subject to the attorney-client and/or work product privileges. Accordingly, all of the parties herein agree that no waiver of any privileges will result from the production of any Confidential documents which are in fact privileged. If any privileged documents were discovered, they would be returned to the producing party.

## 12. NO RESTRICTIONS ON DOCUMENTS OR INFORMATION FROM OTHER SOURCES

Nothing in this Protective Order shall be deemed to prevent any party from using any documents or information contained therein for any purpose, if such documents or information contained therein are in any manner identical, similar or related to the documents produced pursuant to this Stipulation and Protective Order as long as such documents or information was not obtained from the exchange of documents set forth herein.

## 13. DISPUTES REGARDING DESIGNATION

If a Party disputes the designation of Information as being Confidential, that Party shall advise the other Parties in writing of the objection, and the Party designating the Information as being Confidential shall within ten (10) days set forth the basis in writing for the designation. If the dispute cannot be resolved, the Party objecting to the Confidential designation shall bear the burden of applying to the Court for the entry of an appropriate Order with the

designating party bearing the burden of persuasion. All documents designated Confidential shall remain so designated until they are redesignated by written agreement of counsel or the issue is resolved by the Court.

[Signatures on the Following Page]

| | |
|---|---|
| Dated: January 31, 2019 | Respectfully submitted,<br><br>DRINKER BIDDLE & REATH LLP<br><br>By: _____*/s/ Paul M. Gelb*_____<br>　　Paul M. Gelb<br>　　Zoë K. Wilhelm<br><br>Attorneys for Defendants<br>P.J. SALVAGE, WUNDIES ENTERPRISES, INC., ANDRA GROUP L.P., BLUM'S SWIMWEAR AND INTIMATE APPAREL, CENTURY 21 DEPARTMENT STORES, LLC, DILLARD'S INC., AND NORDSTROM, INC. |
| Dated: January 31, 2019 | SPERTUS, LANDES & UMHOFER, LLP<br><br>By: _____*/s/ Ezra D. Landes*_____<br>　　James W. Spertus<br>　　Ezra D. Landes<br><br>Attorneys for Defendants<br>AMAZON.COM, INC., LORD & TAYLOR, LLC, MACY'S INC., AND ZAPPOS IP, INC. |
| Dated: January 31, 2019 | DONIGER / BURROUGHS<br><br>By: _____*/s/ Trevor W. Barrett*_____<br>　　Stephen M. Doniger<br>　　Scott Alan Burroughs<br>　　Trevor W. Barrett<br>　　Justin M. Gomes<br><br>Attorneys for Plaintiff<br>KLAUBER BROTHERS, INC. |

**IT IS SO ORDERED** this 11th day of February, 2019.

_/s/ Jean Rosenbluth_
_____
Honorable Jean P. Rosenbluth
United States Magistrate Judge

9
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS